IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-00711-CNS-SBP

JOHN F. FRIE,

      Plaintiff,

v.

HORIZON DRYWALL, INCORPORATED a/k/a Horizon Drywall, Inc.,
KIRKLAND D. DAVIS, a/k/a Kirk Davis,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and
STATE FARM FIRE AND CASUALTY COMPANY,

      Defendants.

---

**ORDER**

---

Before the Court are Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (the Recommendation). ECF No. 93. Presuming familiarity with the case file and the applicable legal standards, *see, e.g.,* Fed. R. Civ. P. 72 and 28 U.S.C. § 1446, the Court OVERRULES Plaintiff's Objections and AFFIRMS and ADOPTS the Recommendation, ECF No. 85, as an Order of this Court. Plaintiff's Motion to Remand, ECF No. 48, is DENIED. In reaching this conclusion, the Court addresses and rejects Plaintiff's numbered objections in turn.

*Objection 1.* Plaintiff first contends that he has "steadfastly maintained at all times that [his] claims were properly joined," ECF No. 93 at 6, and that the remand motion "simply and succinctly presented Plaintiff's argument that service on State Farm of [his]

1

Complaint made it immediately and unequivocally clear that diversity removal jurisdiction could obtain here via assertion of the procedural misjoinder doctrine and/or Rule 21 discretionary severance," *id.* at 7 (citation modified). It follows, Plaintiff contends, that "these undisputed circumstances" unequivocally provided "clear notice of removability" to State Farm, thus triggering the removal period, contrary to the magistrate judge's conclusion. *Id.*

The Court disagrees. The magistrate judge correctly determined that the state court action was not initially removable. *See, e.g.,* ECF No. 85 at 7. As the magistrate judge observed, the state court motion to sever was premised on differences in the claims' underlying "transactions and occurrences." ECF No. 1-45 at 7; *see also id.* at 6 ("Misjoinder is *not* a prerequisite to severance." (citation modified)); ECF No. 96 at 2, 4. In the magistrate judge's words: "State Farm's argument was not that Davis and Horizon *could not* have been joined in the State Court Action, but rather that they *should not* have been." ECF No. 85 at 8. And the Court agrees with the magistrate judge—fatally to Plaintiff's first objection—that no authority supports the notion that, in assessing removability, a party in State Farm's position "had a duty or obligation to proactively remove a case involving facially non-diverse parties based on an unconfirmed joinder defect on Plaintiff's end." ECF No. 85 at 10 (citing *Alvarado v. New England Motor Freight, Inc.*, No. 18 CV 2027 (SJ) (RML), 2018 WL 4043151, at *2 (E.D.N.Y. Aug. 24, 2018)). *See also Davenport v. Porter & Chester Inst., Inc.*, No. 3:23-CV-339 (OAW), 2023 WL 6141141, at *2 (D. Conn. Sept. 20, 2023) ("[A] defendant should not be required to guess, at his peril, whether [a] matter is removable." (citation modified)); *Trs. of Masonic Hall &*

2

*Asylum Fund v. Pricewaterhousecoopers LLP*, No. 08 CIV. 10494 (GEL), 2009 WL 290543, at *7 n.13 (S.D.N.Y. Feb. 6, 2009) ("It is well-settled that a defendant need not investigate removability, and that the removal period does not commence until the defendant actually receives information from which removability can be ascertained." (citation modified)). *See also* ECF No. 96 at 4.

For these reasons, the Court overrules Plaintiff's first objection to the Recommendation.

***Objections 2 and 3.*** These objections—which essentially coalesce into one objection—are reprisals of Plaintiff's first objection:

> The Magistrate Judge appears to also assume and adopt the above factual and legal errors as to a purported 'disclaiming' of misjoinder and of State Farm's supposed sole reliance on Rule 21 severance, with the Recommendation noting it 'cannot find any argument in [State Farm's motion to sever] . . . urging severance based on some supposedly fraudulent or improper joinder . . .'; '[t]o the contrary, State Farm expressly disclaimed any reliance on a misjoinder theory'; and that '[r]ather, State Farm urged the state court to find good grounds to impose a permissive, discretionary severance,' . . . and to where the Recommendation then erroneously concludes that this case was not initially removable, such that the Recommendation did not apply §1446(b)(1)'s time limit, and it further concludes State Farm's Notice was otherwise timely.

ECF No. 93 at 8 (citation modified). The Court rejected this argument above in its analysis of Plaintiff's first objection and does so again. The Court agrees with the magistrate judge's interpretation of the underlying state court docket and State Farm's motion to sever, and Plaintiff fails to persuade that she erred in concluding that the state court action was not initially removable. *Compare id.*, *with* ECF No. 85 at 7.

3

But to the extent that Plaintiff seeks to add additional argumentation in the form of his own interpretation of the motion to sever, this argumentation does not persuade the magistrate judge erred in concluding that the state court action was not initially removable. *See* ECF No. 93 at 8. Again: In the motion to sever, State Farm disclaimed any such reliance on a misjoinder theory that Plaintiff contends was an aspect—much less a key aspect—of its severance arguments. *Compare* ECF No. 93 at 8-9, *with* ECF No. 1-45 at 6. In State Farm's words, and as quoted by the magistrate judge in the Recommendation: "Courts can—and often do—sever cases without *any finding* of improper joinder." *Id.* (emphasis added).[1] Indeed, as the magistrate judge observed, the gravamen of State Farm's argument in the motion to sever was "based on the distinction between the claims brought against it and those brought against Davis and Horizon." ECF No. 85 at 8. *See also* ECF No. 1-45 at 13 ("Here, the Court should follow these well-reasoned authorities to find the Insurance Claims and Personal Injury Claim sufficiently different to require severance. Although they all arise in a limited sense out of the underlying auto accident, Plaintiff's Insurance Claims against State Farm rest on different legal and factual bases and do not arise from the same 'transaction or occurrence' as the Personal Injury Claim."). Thus, the Court disagrees with Plaintiff that "State Farm did not expressly 'disclaim' reliance on a misjoinder theory," ECF No. 93 at 9, as it clearly did so as shown both by

---

[1] Plaintiff's challenge to this based on the fact that the word "disclaim" does not appear in the motion to sever is unpersuasive. *See* ECF No. 93 at 9. Such language is unnecessary when it's clear what State Farm was arguing—and not arguing—in its motion. And to really emphasize the point: State Farm argued that the underlying claims were different, requiring severance. *See, e.g.,* ECF No. 1-45 at 13. The magistrate judge's Recommendation and state court filings confirm this.

4

the language of the motion to sever and the magistrate judge's sound analysis of the same, *see* ECF No. 85 at 8 (citing ECF No. 1-45 at 6-18).[2]

Fundamentally, Plaintiff fails to persuade that the magistrate judge erred in concluding that this action, in her words, was "not initially removable," ECF No. 85 at 7 (citation modified), and the Court's *de novo* review of her analysis and the record, *see First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000), including the underlying state court file and documents, confirms that affirmance of her conclusion is proper.

***Objection 4.*** Next, Plaintiff objects on the grounds that the motion to sever triggered the removal clock, and thus that removal was untimely. *See* ECF No. 93 at 11 ("State Farm's motion to sever . . . would trigger application of [the statutory] 30-day time limit for removal."). In other words, that the motion to sever qualified as a "motion or other paper" under 28 U.S.C. § 1446(b)(3), *see* ECF No. 93 at 11, and that the magistrate judge erred in reaching the opposite conclusion, *see id.* at 12. But, after considering the legal authority that Plaintiff cites against the authorities the magistrate judge cited in reaching

---

[2] Plaintiff further argues that "there is no question that a case can be removed right from the start if the only theoretical barriers to diversity jurisdiction are the alleged misjoinder of a non-diverse defendant or the discretionary severance of that defendant under Rule 21." ECF No. 93 at 10. The case that Plaintiff cites does not go quite so far. *See Ricetec, Inc. v. Cook*, No. 2:20-cv-00056-LPR, 2020 WL 7360479, at *8 (E.D. Ark. Dec. 15, 2020) ("There is no question that a case can be removed right from the start if *the only theoretical barrier* to diversity jurisdiction is the *fraudulently joined* non-diverse defendants." (emphasis added)). Regardless, as discussed above, State Farm's severance motion was premised on much more than fraudulent joinder, as not only its analysis but also its introduction makes unambiguously clear: "As a host of courts have concluded, personal injury claims should be severed from insurance claims because they seek to remedy fundamentally different interests, do not arise out of the same transaction or occurrence despite a connection to the same accident, and are not sufficiently similar to gain any benefit from litigating them together." ECF No. 1-45 at 4. Thus, this is not a case where the *only theoretical* barrier to diversity jurisdiction was fraudulent joinder—the practical barrier was how Plaintiff originally pleaded his claims in state court and the distinguishable factual nature of those claims. *Cf. Ricetec*, 2020 WL 7360479, at *8. *See also* ECF No. 96 at 5.

5

her conclusion, the Court agrees with the magistrate judge that the severance motion is not a "paper" under § 1446(b)(3)'s "other paper" provision—even if the Court gives this provision an expansive interpretation, as it does. *See* ECF No. 85 at 11; *State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 933 (D.S.D. 2010).

For example, Plaintiff disagrees with the magistrate judge's citation to *Tolloty v. Republic Servs., Inc.*, No. 5:11cv1644, 2012 WL 529881, at *4 (N.D. Ohio Feb. 17, 2012), which held that the defendants in that case "did not receive their own motions or letter" and therefore "these documents are not 'other papers' pursuant to the removal statute and cannot serve the basis of triggering the thirty-day removal time limit." *See also* ECF No. 85 at 12. But *Tolloty* is consistent with federal law, as the magistrate judge's analysis confirms, and demonstrates that her conclusion that the motion to sever was not a "paper" under the removal statute is correct. *See id.* at 11. *See also Paros Props. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) ("The 30-day clock does not begin to run until the *plaintiff provides the defendant* with 'clear and unequivocal notice' that the suit is removable." (emphasis added)); *Dempsey v. Nationstar Mortg., LLC*, No. 5:17-cv-01738, 2017 WL 5973380, at *3 (S.D.W. Va. Dec. 1, 2017); *Odar v. Felix Energy Holdings II LLC*, No. PE:21-CV-00079-DC-DF, 2022 WL 1115407, at *5 (W.D. Tex. Apr. 12, 2022), *report and recommendation adopted*, No. PE:21-CV-079-DC, 2022 WL 1514644 (W.D. Tex. May 13, 2022) ("[O]nce an such 'other paper' is received by the defendant, the thirty-day removal clock commences." (citation modified)); *Smith's Transp. LLC v. Great W. Cas. Co.*, No. CV 25-00289-KD-B, 2025 WL 3254942, at *6 (S.D. Ala. Sept. 19, 2025),

*report and recommendation adopted*, No. CV 25-00289-KD-B, 2025 WL 3255046 (S.D. Ala. Oct. 8, 2025).[3] Plaintiff fails to persuade otherwise. *Cf.* ECF No. 93 at 15.[4]

**Objection 5**. Finally, Plaintiff appears to object to State Farm and the magistrate judge's improper "burden-shifting," pointing to the magistrate judge's observation that Plaintiff made "no attempt to show that he satisfied" a standard regarding procedural misjoinder. *Compare* ECF No. 93 at 15-16, *with* ECF No. 85 at 8 n.5. But the magistrate judge's *removal* and *remand* analyses did not turn or in any way appear to rely on this observation as to procedural misjoinder, which she offered in a footnote. *See id.* ("The court *observes* . . ." (emphasis added)). And in addressing Plaintiff's broader point, reading the Recommendation in its entirety, the magistrate judge did not engage in any impermissible burden shifting under the relevant statutory framework. *Cf.* ECF No. 85 at

---

[3] And because State Farm could not receive its own motion, this analysis applies regardless of whether the Court considers the motion to sever a "motion" or "other paper" under the language of the removal statute. See, e.g., *Owoc v. LoanCare, LLC*, 524 F. Supp. 3d 1295, 1302 (S.D. Fla. 2021) ("[A] case becomes removable when a plaintiff provides a defendant with an amended pleading, motion, order or other paper from which the defendant can first ascertain that federal jurisdiction exists." (citation modified)).

[4] Indeed, Plaintiff cites cases that illustrate the above point: removal calculations begin when plaintiffs provide documents to defendants, such as complaints. *See, e.g.,* ECF No. 93 at 18; *Betterton v. World Acceptance Corp.*, No. CIV-22-238-SLP, 2023 WL 2914287, at *1 n.4 (W.D. Okla. Apr. 12, 2023) ("As discussed herein, to the extent the *allegations of the Complaint* standing alone, form the basis of removal, the Court finds the notice of removal is untimely." (emphasis added)). This is entirely consistent with the plain language of the statute, as the magistrate judge observed. *See* ECF No. 85 at 11. Fundamentally, no amount of expansive interpretation of the removal statute's provisions changes the Court's analysis where Plaintiff did not serve on State Farm its own motion to sever. *See id.* Especially where, as the magistrate judge observed, the whole premise of such motion was that at the time the state court action was *not* removable. *See id.* at 12; *see also* ECF No. 96 at 3, 6. Accordingly, the Court is likewise unpersuaded that Plaintiff's response to the motion to sever was some "other paper" under the removal statute when in his response Plaintiff argued that severance—and thus removal to federal court—was *improper*, *see* ECF No. 1-58 at 19-20, thus failing to provide State Farm with the requisite ability to ascertain that this case was removable, *see* § 1446(b)(3). *See also Paros Properties,* 835 F.3d at 1269 ("The 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." (emphasis added)).

5; *id.* at 14 ("The plain language of § 1446(b)(3) required State Farm to remove the case after it 'ha[d] become removable.'"). *See also* ECF No. 96 at 8.

* * *

In sum, engaging in *de novo* review, it is clear from the face of the thorough and well-reasoned Recommendation that the magistrate judge articulated the governing doctrinal principles and correctly applied them to the facts of this case. Plaintiff's numerous objections fail to persuade that the Court should reverse.

Consistent with the above analysis, the Court OVERRULES Plaintiff's Objections, ECF No. 93, and AFFIRMS and ADOPTS the Recommendation, ECF No. 85, as an Order of this Court. Plaintiff's Motion to Remand, ECF No. 48, is DENIED.

DATED this 31st day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge