**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00711-CNS-SBP

JOHN J. FRIE,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and
STATE FARM FIRE AND CASUALTY COMPANY,

Defendants.

---

# ORDER GRANTING MOTION TO AMEND

---

**Susan Prose, United States Magistrate Judge**

Before the court is Plaintiff's Motion to Amend (ECF No. 105), seeking leave to amend the complaint by adding a common law bad faith claim, adding a request for exemplary damages, and bringing it into conformity with previous orders in this case. The court considers the Motion pursuant to 28 U.S.C. § 636(b)(1), the case referral order (ECF No. 31), and the motion referral order (ECF No. 106). The Motion has been fully briefed (ECF Nos. 108, 109) and is **GRANTED** for the reasons below.[1]

## BACKGROUND

Plaintiff was injured in an auto accident on July 2, 2021. Nearly three years later, he filed

---

[1] Because the court finds the Motion to Amend should be granted, the undersigned proceeds by order rather than recommendation. *See Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (explaining that it "makes good sense" to treat orders granting leave to amend as non-dispositive).

an action in state court asserting claims against the at-fault driver (who was acting in the scope of his employment), the driver's employer, and Defendants. Following a mediation, Plaintiff reached a settlement with the at-fault parties. Once the at-fault parties were dismissed, Defendants removed the case to this court on the basis of diversity jurisdiction.

In the current complaint (ECF No. 4), Plaintiff asserts claims for underinsured motorist ("UIM") benefits under the auto and umbrella policies he carried with Defendants and for unreasonable denial or delay of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. He now seeks leave to add a common law bad faith claim along with a request for exemplary damages and to update the complaint to conform with developments in the case.

## LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts may allow amendment to a pleading after a responsive pleading has been served and should freely give leave "when justice so requires." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (quotation omitted). As a result, courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotation omitted).

## ANALYSIS

In addition to satisfying the Rule 15(a)(2) standard, a party seeking to amend a pleading *after* the deadline in the scheduling order must establish good cause under Rule 16(b)(4). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Although Plaintiff filed his Motion *before* the operative deadline,[2] Defendants argue the Rule 16 standard should apply here because, in their view, granting the "amendment would require modification of other scheduling order deadlines." (ECF No. 108 at 2.) Specifically, they contend that the addition of a common law bad faith would prompt "supplemental expert reports and corresponding rebuttal reports." (*Id.* at 3.) However, Defendants cite no authority, nor is the court aware of any, for the novel proposition that a motion to amend filed before the scheduling deadline must also satisfy the Rule 16(b)(4) standard simply because the party opposing amendment can envision a corresponding need to modify the scheduling order. *Cf. Techy v. Arete Surgical Ctrs., LLC*, No. 22-cv-02143-DDD-KLM, 2023 WL 9104781, at *1 (D. Colo. May 18, 2023) (declining to assess whether plaintiff had shown good cause under Rule 16(b)(4) where motion for leave to amend was timely filed); *Argo v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-02059-RM-KMT, 2019 WL 4192110, at *2 n.2 (D. Colo. Sept. 4, 2019) ("Because Plaintiff's motion was timely filed, the Rule 15(a) standard applies."). Therefore, the court declines to apply Rule 16(b)(4)'s more stringent standard here and considers only whether the amendment comports with Rule 15(a)(2).

[2] On July 29, 2026, the court extended the deadline to amend pleadings in this case to August 21, 2026. (ECF No. 104.) The current Motion was filed on August 11, 2026. (ECF No. 105.)

"Under Rule 15(a), a general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *Coomer v. Lindell*, No. 22-cv-01129-NYW-SKC, 2023 WL 4408254, at *4 (D. Colo. July 7, 2023) (citation omitted); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). On the current record, Defendants have failed to rebut the presumption in favor of amendment.

Defendants' first Rule 15 argument is based on undue delay. They contend that Plaintiff has long possessed the core factual allegations underlying his new common law bad faith claim, citing the similar nature of the allegations in the original complaint (filed in state court) and in the proposed amended complaint. (ECF No. 108 at 4-7.) But Plaintiff has explained, convincingly, how his understanding of the case continued to evolve through May and June of this year when he conducted depositions and received from Defendants unredacted portions of the claim file—yielding new information that was in turn reviewed by his expert. (*See* ECF No. 109 at 6); *see also Minter*, 451 F.3d at 1206 ("[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." (quotation omitted)). For example, Plaintiff learned about the claim handler's limited experience at her May deposition. Plaintiff also learned through discovery that the acronym "CWP" denotes "closed without payment," which shed additional light on Defendants' claim handling and his claim file. This is not a case where the plaintiff is attempting to use Rule 15 to make the complaint a moving target, salvage a lost case, present theories seriatim, or knowingly delay raising an issue until just before trial. *See Minter*, 451 F.3d at 1206. Thus, Defendants have not shown *undue* delay for purposes

of Rule 15 in connection with the timing of the current Motion.

Defendants' second Rule 15 argument is based on undue prejudice. But "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotation omitted). This is not a situation where the amended claim "arise[s] out of a subject matter different from what was set forth in the complaint and raise[s] significant new factual issues." *Id.* Rather, "there is a significant overlap in the factual underpinnings and defenses." *Id.* Nor is Defendants' contention that additional expert discovery may be needed to address the subjective component of a common law bad faith claim enough to show that any prejudice is *undue*. Defendants have not shown that adding a common law bad faith claim implicates significant new factual issues or unfairly affects their ability to defend this case. Therefore, their undue prejudice argument fails.

Third, Defendants argue that adding a common law bad faith claim is futile because the proposed allegations supporting it are "conclusory at best." (ECF No. 108 at 10.) However, the proposed amended complaint alleges that Defendants acted with reckless disregard by assigning Plaintiff's claims to an inexperienced claims handler who "deliberately failed to conduct reasonable investigation" of Plaintiff's claims and "treated and handled [those] claims as denied by designating them as closed without payment." (ECF No. 105-2 at 10-11.) The proposed amended complaint also alleges that Defendants "failed to promptly and timely identify and explain to [him] his UIM coverage under his Umbrella Policy" or "to promptly provide [him] a reasonable explanation for denial of his UIM claims." (*Id.* at 11.) The court finds that the allegations in the proposed amended complaint are sufficient to apprise Defendants of the basis for Plaintiff's common law bad faith claim. Defendants' futility argument would be more

appropriately addressed via a motion to dismiss. *See Butler v. Burning Man Project*, No. 24-cv-02045-SBP, 2025 WL 938508, at *6 (D. Colo. Mar. 28, 2025) ("[J]udges in this District have repeatedly recognized that, in most situations, futility arguments are better addressed in the context of full briefing—motion, response, and reply—on a motion to dismiss." (quotation omitted)); *see also Techy*, 2023 WL 9104781, at *2 (rejecting futility arguments as premature).

Finally, with respect to Plaintiff's intent to pursue exemplary damages, Defendants argue that Plaintiff has failed to assert facts showing fraud, malice, or willful or wanton conduct, as required to obtain exemplary damages under Colorado law. *See* Colo. Rev. Stat. § 13-21-102(1)(a).[3] "[W]illful and wanton conduct" is statutorily defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." § 13-21-102(1)(b). Defendants incorporate many of the same arguments that animate their objection to Plaintiff's common law bad faith claim, but the court has already found those wanting. Again, Defendants have not shown that any delay or prejudice is undue in the context of this case. And Defendants' arguments with respect to willful and wanton conduct are particularly ill-suited for resolution in the context of opposing a motion to amend. *See Butler*, 2025 WL 938508, at *6.

[3] Notably, Defendants accept Plaintiff's position that his request for exemplary damages is governed by Rule 15. (ECF No. 108 at 10.) Consequently, they have waived any argument that he must also comply with Colo. Rev. Stat. § 13-21-102(1.5)(a), *see Bylin v. Billings*, 568 F.3d 1224, 1232 (10th Cir. 2009), and the court does not need to consider the application of that provision in the context of the current Motion.

## CONCLUSION

Therefore, Plaintiff's Motion to Amend (ECF No. 105) is respectfully **GRANTED**, and the Clerk is directed to file the Amended Complaint and Jury Demand (ECF No. 105-1 at 14-23) as a separate docket entry.[4]

DATED: November 18, 2026

BY THE COURT:

Susan Prose
United States Magistrate Judge

[4] Fed. R. Civ. P. 72 provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").